**KNIGHT LAW GROUP LLP**
Kamau Edwards (SBN 230826)
kamaue@knightlaw.com
Daniel Kalinowski (SBN 305087)
danielk@knightlaw.com
Phil A Thomas (SBN 248517)
philt@knightlaw.com
10250 Constellation Blvd., Suite 2500
Los Angeles, CA 90067
Telephone: (310) 552-2250
Fax: (310) 552-7973

Attorneys for Plaintiffs,
TONY CLARK and PAMELA ELY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TONY CLARK and PAMELA ELY,**<br><br>Plaintiffs,<br><br>v.<br><br>**FORD MOTOR COMPANY, a Delaware corporation; and DOES 1 through 10, inclusive,**<br><br>Defendants. | **Case No.: 2:22-cv-03069-SVW-GJS**<br><br>(Removed from Superior Court of California, County of Los Angeles, Case No. 22STCV11319)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR REMAND TO SUPERIOR COURT OF CALIFORNIA**<br><br>*Assigned for All Purposes to the Honorable* **Stephen V. Wilson**<br><br>**Date: July 11, 2022**<br>**Time: 1:30 p.m.**<br>**Courtroom: 10A**<br><br>Action Filed: April 1, 2022 |

-1-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR REMAND TO
SUPERIOR COURT OF CALIFORNIA

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Plaintiffs Tony Clark and Pamela Ely ("Plaintiffs") filed this action against Defendant Ford Motor Company ("Defendant" or "Ford") in the Superior Court of California, County of Los Angeles, on  April 1, 2022, concerning a 2020 F-350 pickup truck (the "Subject Vehicle") manufactured by Ford with serious defects and nonconformities to warranty, including to the engine, among other things.  The Complaint alleges two causes of action under California's Song-Beverly Consumer Warranty Act ("Song-Beverly") for violation of the express and implied warranties. See Complaint, attached as Exhibit A to Declaration of Taylor Sullivan, Dkt. No. 1-2, ECF pp. 8-12.

Ford removed this case on May 6, 2022.  However, removal is improper as Ford has failed to meet its burden to establish that the amount in controversy requirement is met in this case. Ford contends, contrary to the great weight of authority, that simply because Plaintiffs seeks incidental and consequential damages, civil penalties and attorneys' fees in addition to a repurchase under Song-Beverly, speculative estimates of such damages, penalties and fees must be included in the amount in controversy to establish that this Court possesses diversity jurisdiction. See Notice of Removal, Dkt. No. 1, ECF pp. 3-5.  At this stage, Ford has not met its burden by preponderance of the evidence, more likely than not, that Plaintiffs will obtain such damages, penalties and fees at trial thereby exceeding the $75,000 amount in controversy.

Ford's conclusory statements alone set forth in its Notice of Removal are insufficient to meet its burden of proving that removal was proper, and do nothing to establish that the amount in controversy requirement has been met. Ford's calculation of potential incidental and consequential damages and civil penalties to be awarded in this case is speculative and flawed. Similarly and with no supporting

1   evidence, Ford argues that attorney's fees in this action should also be considered as
2   part of the amount in controversy.  Ford does not, however, offer any evidence or
3   calculation whatsoever for attorney's fees in this matter to render a finding by this
4   Court that they should be considered in determining the amount in controversy.

5          Accordingly, Ford's removal was improper and this case should be remanded
6   to California State Court because there are no grounds to establish federal subject
7   matter jurisdiction pursuant to either federal question jurisdiction, (28 U.S.C. §
8   1331) or diversity jurisdiction (28 U.S.C. § 1332) theories.

9   **II.    BRIEF STATEMENT OF FACTS**

10         On or around March 22, 2020, Plaintiffs purchased the Subject Vehicle new.
11  Plaintiffs experienced a number of problems with the Subject Vehicle and took it in
12  for repairs on several occasions to address them.  See Complaint, Dkt. No. 1-2, ECF
13  pp. 8-12, generally.  However, the problems persisted following each repair attempt.
14  Id. Plaintiffs initiated this action on April 1, 2022 in the Superior Court of California,
15  County of Los Angeles.

16  **III.   STANDARDS FOR REMOVAL AND REMAND**

17         To survive a motion for remand, a defendant seeking removal has the burden
18  of proving that federal subject matter jurisdiction is present. *Marin General Hospital*
19  *v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing
20  *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)).  There is a "strong
21  presumption against removal jurisdiction," and courts must reject it "if there is any
22  doubt as to the right of removal in the first instance."  *Geographic Expeditions, Inc.*
23  *v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010). A court must
24  remand a matter to the jurisdiction from which it was removed upon finding that the
25  court lacks subject matter jurisdiction at the time of removal. *Bromwell v. Michigan*
26  *Mut. Ins. Co.*, 115 F.3d 208, 213 (3d Cir. 1997). "The removal statute is strictly
27  construed, and any doubt about the right of removal requires resolution in favor of

28

-3-

remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)); *see also Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) ("[T]he court resolves all ambiguity in favor of remand to state court.").

Where the purported basis for federal subject matter jurisdiction is diversity jurisdiction, a defendant seeking removal must establish that there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Where the amount in controversy is not clear from the face of the complaint, the removing defendant must establish by a *preponderance of the evidence* that the amount-in-controversy requirement is satisfied. *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121–22 (9th Cir. 2013)(emphasis added).

Conclusory allegations as to the amount in controversy are insufficient. *Matheson v. Progressive Specialty Insurance Co.*, 319 F.3d 1089, 1091 (9th Cir. 2003). Nor can a defendant establish the amount in controversy by "mere speculation and conjecture." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). Rather, the defendant should "submit evidence outside the complaint, including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *See id.* (quoting *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)) (internal quotation marks omitted).

## IV.   ARGUMENT: FORD HAS FAILED TO ESTABLISH THAT THE AMOUNT IN CONTROVERSY IS MET

Ford has failed to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. Ford's amount in controversy analysis is insufficient for a number of reasons. First, Ford provides no evidence of the actual purchase price of the Subject Vehicle. Ford states only that the "original suggested retail price" of the Subject Vehicle is $48,695.00. Notice of Removal ¶19, Dkt. No. 1, ECF p. 5. Ford also does not even attempt to justify an assumed maximum civil

-4-

1  penalties award in this case or show that it is more likely than not that civil penalties

2  will be awarded.  Further, Ford's assertion that Plaintiffs' potential attorneys' fees

3  should count towards the amount-in-controversy is also speculative and cannot form

4  the basis for an amount-in-controversy calculation.  Thus, Ford has not met its

5  burden and has failed to establish that this Court has subject matter jurisdiction over

6  the instant action.  This case should be remanded.

7  ## A. Ford's Amount in Controversy Calculation Fails Because Its Civil Penalties Estimate is Speculative

8  A civil penalty is applicable only if a court determines that a defendant's

9  failure to comply with the Act is willful. Cal. Civ. Code §§ 1794(c). This amount is

10  to be determined by the trier of fact based on the specific facts of the case. Thus,

11  civil penalties are speculative at this point. Where a manufacturer has not offered

12  any evidence to support an award for civil penalties, the Court is unable to determine

13  what civil penalties might be imposed and thus cannot conclude the amount in

14  controversy.  In *Zawaideh v. BMW of North America, LLC*, No. 17-CV-2151 W

15  (KSC), 2018 WL 1805103, at *2 (S.D. Cal. Apr. 17, 2018), the court noted that

16  "[r]ather than simply assume that because a civil penalty is available, one will be

17  awarded, the defendant must make some effort to justify the assumption by, for

18  example, pointing to allegations in the [c]omplaint suggesting award of a civil

19  penalty would be appropriate, and providing evidence—such as verdicts or

20  judgments from similar cases—regarding the likely amount of the penalty."  Ford

21  has provided no such evidence and thus it has failed to show that civil penalties

22  should be included in the amount in controversy calculation.  See *Ronquillo v. BMW*

23  *of North America, LLC*, No. 3:20-cv-1413-W-WVG, 2020 WL 6741317 (S.D. Cal.

24  Nov. 17, 2020); *D'Amico v. Ford Motor Company*, No. CV 20-2985-CJC (JCx),

25  2020 WL 2614610 (C.D. Cal. May 21, 2020); *Sood v. FCA US, LLC*, NO. CV 21-

26  4287-RSWL-SKx, 2021 WL 4786451 (C.D. Cal. Oct. 14, 2021); *Vega v. FCA US,*

27  *LLC*, No. 2:21-cv-05128-VAP-MRWx, 2021 WL 3771795, *3 (C.D. Cal. Aug. 25,

28

-5-

2021); *Esparza v. FCA US LLC*, No. 2:21-cv-01856-RGK-MRW, 2021 WL 949600, at *1 (C.D. Cal. Mar. 12, 2021); *Garcia v. FCA US LLC*, 2:20-cv-04779-VAP-MRWx, 2020 WL 4219614, *3 (C.D. Cal. July 22, 2020); *Chavez v. FCA US LLC*, No. 2:19-cv-06003-ODW (GJSx), 2020 WL 468909, *2 (C.D. Cal. 2020); *Lopez v. FCA US LLC*, No. 2:19-cv-07577-RGK-MRW, 2019 WL 4450427, *2 (C.D. Cal. Sep. 16, 2019); *Eberle v. Jaguar Land Rover N. Am., LLC*, No. 2:18-cv-06650-VAP (PLAx), 2018 WL 4674598, at *2 (C.D. Cal. Sept. 26, 2018) (collecting cases).

Ford has not offered any evidence whatsoever to support an award for civil penalties, and thus, it is unable to establish in its Notice of Removal what civil penalties might be imposed. Ford's Notice of Removal merely points to Plaintiffs' civil penalties claim in their Complaint and asserts that this alone is sufficient to establish that the maximum amount of civil penalties should be included in the amount in controversy.  Notice of Removal ¶19, Dkt. No. 1, ECF p. 5.  "Simply assuming a civil penalty award is inconsistent with the principle that the defendant must provide evidence that it is 'more likely than not' that the amount in controversy requirement is satisfied.'" See *Makol v. Jaguar Land Rover North America, LLC*, No. 18-cv-03414-NC, 2018 WL 3194424, at *3 (N.D. Cal., June 28, 2018) (remanding action to state court) (quotations and citation omitted);  *Castillo v. FCA US LLC*, No. 19-cv-151-CAB-MDD, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019) (remanding action to state court *sua sponte* and reasoning in part that "[t]he civil penalty under California Civil Code § 1794(c) cannot simply be assumed. While courts frequently treat the civil penalty under Song-Beverly as a form of punitive damages that may be appropriately included in an amount-in-controversy calculation, [the d]efendant has made no showing that such a civil penalty is more likely than not to be awarded here.") (citing *Herko v. FCA US, LLC*, 2019 WL 5587140, at *2 (S.D. Cal. Oct. 30, 2019)); see also *Khachatryan v. BMW of N. Am.*,

-6-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR REMAND TO SUPERIOR COURT OF CALIFORNIA

*LLC,* No. CV 21-1290 PA (PDX), 2021 WL 927266, at *2 (C.D. Cal. Mar. 10, 2021); *Lopez,* 2019 WL 4450427, at *2; *Eberle,* 2018 WL 4674598, at *2.

Here, Ford has provided no evidentiary basis for the Court to evaluate civil penalties for inclusion into the amount in controversy requirement.  Ford contends that Plaintiffs are seeking from $75,301.96 to $97,390.00 in civil penalties. Notice of Removal ¶19, Dkt. No. 1, ECF p. 5.  These amounts rely solely on an assumption that a jury would award the maximum civil penalty based on another assumption about the price of the Subject Vehicle.   These amounts for civil penalties are speculative at best and amount to nothing more than an empty presumption that Plaintiffs will recover the maximum civil penalties permitted in Plaintiffs' Song-Beverly claims. At this stage, Ford has not shown that it is more likely than not that civil penalties will be awarded at all.  Ford has failed to show that the amount in controversy is met.

### B. Ford Fails to Meet Its Burden to Prove that the Amount in Controversy Requirement Is Satisfied by the Inclusion of Speculative Amounts of Attorneys' Fees

A defendant may attempt to prove future attorneys' fees should be included in the amount in controversy, but retains the burden of proving the amount of such future attorneys' fees by a preponderance of the evidence.   *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 788, 794 (9th Cir. 2018).  In *Brady v. Mercedes Benz USA, Inc.,* 243 F.Supp.2d 1004, 1011 (N.D.Cal. 2002), the court included an estimate of future attorneys' fees in the amount in controversy, but only because the parties had included both a declaration from plaintiff's counsel stating his hourly rate and an estimate of fees incurred to date, and a declaration from defendant's counsel detailing fee awards (not requests) in similar lemon law cases to calculate the amount in controversy.  See *Sood*, 2021 WL 4786451 at *6.

There is an insufficient showing for amount in controversy regarding attorneys' fees where a "[d]efendant makes no effort to explain what amount of

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR REMAND TO
SUPERIOR COURT OF CALIFORNIA

1  attorney fees might be sought or awarded in this case, neglecting to include so much
2  as an estimate of the hour or billing rates that might apply." *Vega*, 2021 WL
3  3771795, *4, *Garcia*, 2020 WL 4219614, *3; *Mahlmeister v. FCA US LLC,* No. CV-
4  21-00564-ABA-FMX, 2021 WL 1662578, at *3 (C.D. Cal. Apr. 28, 2021); *Eberle*,
5  2018 WL 4674598, *3 (finding defendant's claim that it is unaware of plaintiff's
6  hourly rate but anticipates the fees to be in excess of the "less than $5,000" amount
7  stated in the plaintiff's motion insufficient); *Conrad Assocs. v. Hartford Accident &*
8  *Indemnity Co.*, 994 F. Supp. 1196, 1200 (N.D. Cal. 1998) (finding that a defendant
9  failed to establish the amount in controversy when including attorneys' fees without
10 estimating "the amount of time each major task will take," or varying the hourly
11 billing rate for each task); *Kinneberg v. Ford Motor Co.,* No. CV-20-00865-ABF-
12 FMX, 2020 WL 3397752, at *2 (C.D. Cal. June 18, 2020).

13     At no point does Ford explain what amount of fees might be awarded here
14 should Plaintiffs even prevail; how it determined what attorney's fees in this action
15 will be or why they should be considered by this Court as part of the amount in
16 controversy; what factors about this specific case make an award of attorneys' fees
17 more likely than not; or how or what other similar cases have resulted in fees that
18 satisfy the amount in controversy.  Ford does not provide any support for its claim
19 as to what attorneys' fees in this action are or could be—Ford simply asserts that
20 attorneys' fees in Song-Beverly actions "regularly exceed $100,000."  Notice of
21 Removal ¶18, Dkt. No. 1, ECF pp. 4-5.  Absent any such evidence, attorneys' fees
22 are entirely speculative and cannot form the basis of an amount-in-controversy
23 determination in this action.
24 ///
25 ///
26 ///
27 ///
28

-8-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR REMAND TO
SUPERIOR COURT OF CALIFORNIA

## V.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this case be remanded to California Superior Court because FCA has failed to meet its burden for removal.

Dated:        May 31, 2022                    **KNIGHT LAW GROUP LLP**


                                              */s/ Phil A Thomas*
                                              Kamau Edwards (SBN 230826)
                                              Daniel Kalinowski (SBN 305087)
                                              Phil A Thomas (SBN 248517)
                                              Attorneys for Plaintiffs,
                                              TONY CLARK and PAMELA ELY

-9-