UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

CIVIL MINUTES – GENERAL

| Case No. | 2:22-cv-03069-SVW-GJS | Date | July 7, 2022 |
|---|---|---|---|
| Title | *Tony Clark et al. v. Ford Motor Company et al.* | | |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| N/A | N/A |

**Proceedings:**   **ORDER GRANTING MOTION TO REMAND [13]**

### I. BACKGROUND

Before the Court is Plaintiffs' motion to remand this Song-Beverly Consumer Warranty Act case. ECF No. 13. In 2020, Plaintiffs Tony Clark and Pamela Ely purchased a new Ford F-350 and received various warranties from Defendant Ford Motor Company ("Defendant"). Compl. ¶¶ 4, 11, 14, Ex. A to Notice of Removal ("NOR"), ECF No. 1-2.

On April 1, 2022, Plaintiffs brought filed a complaint against Defendant in Los Angeles Superior Court asserting breach of various express and implied warranties. *Id.* Defendant removed this matter from the Los Angeles Superior Court on May 6, 2022. *See* NOR, ECF No. 1. Plaintiffs contend this case should be remanded because Defendant has failed to establish the amount in controversy exceeds $75,000. Mot. at 2, ECF No. 13-1.

For the below reasons, the motion is GRANTED.

### II. DISCUSSION

#### A. LEGAL STANDARD

To establish removal jurisdiction over a diversity action, the removing defendant must demonstrate that (1) the amount in controversy exceeds $75,000; and (2) the suit is between citizens of different states. *See* 28 U.S.C. 1446(c). "The amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018).

:  _____

Initials of Preparer    PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:22-cv-03069-SVW-GJS | Date | July 7, 2022 |
|---|---|---|---|
| Title | *Tony Clark et al. v. Ford Motor Company et al.* | | |

When a complaint filed in state court alleges on its face "damages in excess of the required jurisdictional minimum," the amount pled controls unless it appears "to a legal certainty" that the claim is for less than the jurisdictional amount. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402-404 (9th Cir. 1996). Conversely, "[w]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018).

**B. APPLICATION**

**1. Amount in Controversy**

Defendant argues that its Notice of Removal plausibly demonstrates that the sum of Plaintiffs' actual damages, statutory penalties, and attorney fees exceeds $75,000. The Court considers each in turn.

First, under the Song-Beverly Act, Plaintiff's actual damages are those "equal to the *actual price paid or payable* by the buyer," less the reduction in value "directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B)-(C) (emphasis added). However, Defendant's Notice of Removal is conspicuously missing any allegation as to the vehicle's purchase price. *See generally* NOR.

Instead, Defendant only offers the "original suggested retail price" for the vehicle. Without more, this suggested price is insufficient to support removal—it leaves the Court "with considerable doubt as to the amount in controversy[.]" *See Chajon v. Ford Motor Company*, No. 218CV10533RGKRAOX, 2019 WL 994019, at *1-2 (C.D. Cal. Jan. 8, 2019) (remanding action to state court where Defendants offered only MSRP); *see also Steeg v. Ford Motor Co.*, No. 19-CV-05833-LHK, 2020 WL 2121508, at *4 (N.D. Cal. May 5, 2020) ("[M]erely providing the retail price of the vehicle at issue without providing information on the actual sales price leaves 'considerable doubt as to the amount in controversy.'") (citation omitted) (emphasis in original). Because "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal[,]" *see Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992), Defendant's allegations are insufficient to establish removability.

Second, Defendant argues Plaintiffs will be entitled to the maximum figure of civil penalties—based on the vehicle's MSRP. *See* Opp'n at 6. However, because Defendant failed to adequately plead the amount of actual damages, the Court cannot determine what civil penalties may be imposed. *See Mullin*, 2020 WL 2509081, at *3; *Chavez v. FCA US LLC*, No. CV 19-06003-ODW-GJSX,

:

Initials of Preparer   PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:22-cv-03069-SVW-GJS | Date | July 7, 2022 |
|---|---|---|---|
| Title | *Tony Clark et al. v. Ford Motor Company et al.* | | |

2020 WL 468909, at *2 (C.D. Cal. Jan. 27, 2020) ("If the amount of actual damages is speculative, however, an attempt to determine the civil penalty is equally uncertain.").

Third, Defendant asserts that attorney's fees "regularly exceed $100,000 when [Song-Beverly Act cases are] litigated through trial." *See* NOR ¶ 18; *see also* Opp'n at 8–9. This mere assertion, without anything more, is unpersuasive: "Defendant provides no estimate of the attorneys' fees that have [] or will accrue in this case." *See Sood v. FCA US, LLC*, No. CV 21-4287-RSWL-SKX, 2021 WL 4786451, at *6 (C.D. Cal. Oct. 14, 2021). Importantly, in the Court's experience with the many Song-Beverly Act cases it has seen, attorney's fees rarely rise to such a high level.

Additionally, Defense counsel fails to explain how this case compares to other cases it has handled. *See id.*; *Limon-Gonzalez v. Kia Motors Am., Inc.*, No. CV 20-4381 PA (JPRX), 2020 WL 3790838, at *3-4 (C.D. Cal. July 7, 2020) (remanding action to state court when "Defendant makes no attempt to analogize the facts or circumstances of [other Song-Beverly Act] cases to this action" in its allegations of prospective attorney's fees); *Steeg*, 2020 WL 2121508, at *4-5 (rejecting "potential attorney's fees" because "Defendants' mere assertion that attorney's fees regularly exceed $50,000 does not explain how the instant case relates to the 'regular' case, i.e., whether the instant case is comparable to, or is more or less complex than, counsel's usual experience litigating 'these cases.'").

Given the doubt regarding the existence of subject matter jurisdiction, *see Gaus*, 980 F.2d at 566, the court is not persuaded that Defendant has met its burden to show that the amount-in-controversy exceeds $75,000. Thus, there is no basis for diversity jurisdiction, and Defendant's removal was improper pursuant to 28 U.S.C. § 1446(c).

### III. JURISDICTIONAL DISCOVERY

Defendant requests an opportunity to conduct discovery as to Plaintiffs' damages. However, "it is well within the court's discretion to remand to state court rather than ordering jurisdictional discovery, with the knowledge that later-discovered facts may prompt a second attempt at removal. Doing so avoids encouraging the sort of premature removal presented to us here." *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 691 (9th Cir. 2006). Given Defendant's premature removal here, the motion to conduct limited discovery is denied. *See Sood*, 2021 WL 4786451, at *4-7 (denying Defendant's motion to allow jurisdictional discovery and remanding action to state court).

:

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:22-cv-03069-SVW-GJS | Date | July 7, 2022 |
|---|---|---|---|
| Title | *Tony Clark et al. v. Ford Motor Company et al.* | | |

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' motion to remand for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**

                                                                                                                                                                                                                                                                            _____ : _____

Initials of Preparer     PMC